IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 14 C 766 |
| Plaintiff, ) | |
| ) | Criminal Case No. 09 CR 67-1 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| HENRY ROBERTSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On January 27, 2009, a grand jury returned an indictment against defendant Henry Robertson (Robertson) and co-defendant Elizabeth Robertson, charging them with one count of wire fraud, in violation of 18 U.S.C. §1343, and two counts of bank fraud, in violation of 18 U.S.C. §1344.[1] On September 15, 2010, Robertson pleaded guilty to the wire fraud count pursuant to a plea agreement. After two successful appeals regarding the sentence imposed, Robertson was sentenced on December 6, 2013 to time served, six months of supervised release, and restitution in the amount of $742,832.[2]

---

[1] References to the docket in Robertson's underlying criminal case, *United States* v. *Robertson*, No. 09 CR 67-1 (N.D. Ill.) are cited as (Cr. dkt.). References to the present civil proceeding are cited as (Dkt.).

[2] On March 2, 2011 the court imposed a Guidelines sentence of 63 months in custody, three years of supervised release and restitution in the amount of $742,832 to victim banks. (Cr. Dkt. 90). After remand based on errors made in application of the Guidelines, *see* 662 F.3d 871 (7th Cir. 2011), the district court in January 2012 reduced the custodial portion of the sentence to 37 months. (Cr. Dkt. 145, amended Cr. Dkt.167). Based on *Peugh* v. *United States*, 133 S. Ct. 2072, 186 L. Ed. 2d 84 (2013), overruling *United States* v. *Demaree,* 495 F.3d 791 (7th Cir. 2006), the Seventh Circuit remanded for a determination whether the district court would have imposed a lighter sentence if *Peugh* had been applied at sentencing. (Cr. Dkt. 173). By this time the assigned district judge had retired, and the Executive Committee reassigned the case to this court, which answered that it would have "considered" a lighter sentence. (Cr. Dkt. 187.) The Seventh Circuit then vacated the sentence and remanded for a full resentencing. (Cr. Dkt. 189). Because by the time the resentencing hearing was scheduled, the 37-month sentence was about to expire, the court sentenced

On February 4, 2014, defendant filed a timely *pro se* petition under 28 U.S.C. § 2255 to vacate his conviction and sentence on count I, arguing ineffective assistance of counsel and actual innocence. (Dkt. 1.) For the reasons stated below, defendant's motion is denied.

## BACKGROUND[3]

According to the plea agreement, beginning in 1996, Robertson and his wife and co-defendant Elizabeth were owners and officers of Elohim, Inc., an Illinois corporation. (Cr. dkt. 70 at 2.) Through their business, defendants and others defrauded lenders by purchasing residences and promptly reselling, or flipping, the residences to nominee buyers at inflated prices. (*Id*. at 3.) From 1997 to 1999, in multiple real estate transactions, the Robertsons loaned money to numerous nominee buyers for a down payment to purchase properties from the Robertsons and caused fraudulent documentation for their loan applications to be provided to lending institutions. (Id. at 2–4.) The loan proceeds thus obtained then funded the defendants' simultaneous purchase of the property. (*Id*.) The financing for the resale was obtained through false statements concerning the nominee buyers' intent to occupy the residence, financial condition, and equity in the residence. (*Id*.)

To execute the scheme, the Robertsons recruited nominee buyers by promising them that they would not have to make any down payment or reside in the property,. (*Id*. at 3.) The Robertsons then coordinated the nominee buyers' fraudulent submissions to lenders, which falsely represented that the nominee buyers intended to occupy the residences and contained false information regarding the nominees' employment, assets, income, and

---

Robertson to time served, six months of supervised release, and restitution as originally ordered. (Cr. Dkt. 192).

[3] Because the defendant does not provide a factual summary of the case in his petition, the summary herein is taken from the presentence report, the plea agreement, and the government's response to the § 2255 motion.

ability to provide down payments from legitimate sources. (*Id*.) The Robertsons knowingly concealed from the lenders that the buyers were nominees and that the purchase price of the residences was not the result of negotiations involving an actual buyer. (*Id*. at 4.) Instead, the prices were set by the defendants and their co-schemers to ensure that the resale of each residence to a nominee would generate proceeds sufficient both to fund defendants' purchase of the residence and to return a large profit for defendants and their co-schemers. (*Id*.) In total, the Robertsons caused lenders to issue loans to nominee buyers in an amount totaling approximately $4 million. (*Id*. at 5.) Lenders incurred an actual aggregate loss of $742,832. (*Id*. at 6.)

## LEGAL STANDARD

Section 2255 allows a convicted person held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence. 28 U.S.C. § 2255(a). Relief under § 2255 is "reserved for extraordinary situations." *Hays* v. *United States*, 397 F.3d 564, 566 (7th Cir. 2005) (quoting *Prewitt* v. *United States*, 83 F.3d 812, 816 (7th Cir. 1996)). A petitioner must establish "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* at 566–67 (quoting *Prewitt*, 83 F.3d at 816). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## ANALYSIS

Because Robertson's claims are based on ineffective assistance of counsel and actual innocence, Robertson can raise them for the first time on collateral review. *Massaro* v.

3

*United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003), and will be addressed on their merits.

## I. Ineffective Assistance of Counsel

Robertson argues that prior to his guilty plea he received ineffective assistance of counsel because his counsel (1) failed to move for dismissal of the indictment based on pre-indictment delay and (2) failed to conduct an adequate investigation. In doing so, he argues that, had his attorney moved for dismissal based on pre-indictment delay and adequately investigated the charges and his possible defenses, he would not have pleaded guilty. Lastly, Robertson argues that he received ineffective assistance of counsel at sentencing because his attorney failed to challenge the amount of restitution imposed.

The petitioner "bears a heavy burden in establishing an ineffective assistance of counsel claim." *United States* v. *Trevino*, 600 F.3d 333, 338 (7th Cir. 1995). To prevail, the petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland* v. *Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the court to specific acts or omissions of his counsel. *Fountain* v. *United States*, 211 F.3d 429, 434 (7th Cir. 2000) (citing *Trevino*, 600 F.3d at 338). The court must then consider whether, in light of all of the circumstances, counsel's performance was outside the range of professionally competent assistance. *Id*. To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id*. "A reasonable probability is a

4

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If Robertson cannot establish one of the Strickland prongs, the court need not consider the other prong. *See id.* at 697.

### A. Pre-Indictment Delay

While "the applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges," the due process clause of the Fifth Amendment requires dismissal of the indictment if "pre-indictment . . . delay in this case caused substantial prejudice to [the defendant's] right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *United States* v. *Marion*, 404 U.S. 307, 322–24, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971) (citations omitted) (internal quotation marks omitted); *accord United States* v. *Sowa*, 34 F.3d 447, 451 (7th Cir. 1994). "Once the defendant has proven actual and substantial prejudice, the government must come forward and provide its reasons for the delay. The reasons are then balanced against the defendant's prejudice to determine whether the defendant has been denied due process." *Sowa*, 34 F.3d at 451.

"[A]llegations of actual and substantial prejudice [must] be specific, concrete, and supported by evidence." *Sowa*, 34 F.3d at 450 (citations omitted) (internal quotation marks omitted). It is insufficient for the defendant to "allege that a particular witness is no longer available and that the witness's testimony would have helped the defense." *United States* v. *Doerr*, 886 F.2d 944, 964 (7th Cir. 1989) (citations omitted) (internal quotation marks omitted). The defendant must instead convince the court that the witness would have testified, that the testimony would have withstood cross-examination, and that the jury would have found the witness credible. *Id.* Concerning documentary evidence, he must

5

show "whose records would have been subpoenaed, what those records are likely to have shown, and how the records would have been helpful to the defense." *United States* v. *Canoy*, 38 F.3d 893, 902–03 (7th Cir. 1994).

Despite the return of the indictment within the applicable ten-year statute of limitations, Robertson claims that he has been prejudiced because "witnesses were no longer available, or those that were had failed memories, and documents were lost, destroyed, or no longer available to the defense." (Dkt. 1 at 7.) Defendant specifically alleges that (1) bank records were unattainable in 2009 because banks and lending agencies were required to keep records for only five years; (2) his former attorney Mr. Fidler, who Robertson claims created the fictitious documents for closing and provided money to the nominees, died before Robertson was charged and, accordingly his records, were not available to Robertson; (3) a Mr. Fazy, who was a loan officer who was convicted of mortgage fraud in 2002 for some of the properties, was unavailable because he was killed in 2004; (4) a Ms. Green, who purchased a number of the properties, was unavailable because she died in 2005; and (5) the passage of time had caused unspecified witnesses' memories to fail. (Dkt. 1 at 7–9.)

Robertson has failed to show that any of these potential witnesses he has identified would have testified or that their testimony would have been sufficient to rebut the evidence that Robertson provided money for down payments and caused false documentation to be submitted to lending institutions, or that any such testimony would have withstood cross-examination and been found credible. *See Doerr*, 886 F.2d at 964. Furthermore, these witnesses were all apparently involved in the scheme, so it is unlikely that any of them would have given self-incriminatory testimony and, if so, how it would have been helpful, rather than detrimental, to Robertson.

6

With regard to the records of the transactions, Robertson claims that financial records from 1997 to 1999 had been destroyed by 2009, and the records would have shown sources of down payments other than the defendants. The government responds that it produced full and complete copies of all relevant records for each transaction involved in the scheme. Robertson has submitted no evidence that this representation is untrue. Robertson also contends that pre-indictment delay prevented him from subpoenaing his attorney Mr. Fidler's business records, which allegedly would exonerate him. He asserts that Mr. Fidler handled all the closings for the transaction, but he does not indicate what documents Mr. Fidler had that would have made a difference in his case, or how Mr. Fidler's testimony would have helped him. *See Canoy*, 38 F.3d at 902–03 (rejecting claim where defendant failed to show how "how the records would have implicated another individual.") Furthermore, Robertson admitted in the plea agreement that he "caused" documents to be prepared. If Mr. Fidler prepared documents at Robertson's behest, the documents would do nothing to help Robertson. As such, Robertson's allegations that Fidler's document would have exonerated him are speculative at best.

In short, Robertson has not shown that his attorney's failure to seek dismissal of the indictment based on pre-indictment delay was prejudicial. There is, therefore, no need to address the first prong of *Strickland*.

### B. Adequate Investigation

Robertson contends that his attorney failed to provide effective assistance of counsel by failing to investigate properly the charges brought against him and the defenses available to the defense. Robertson claims that he would not have pleaded guilty had his attorney conducted a thorough investigation because his attorney would have discovered that he was

7

prejudiced by pre-indictment delay or would have discovered witnesses and documents that could have refuted the allegations in the indictment. A movant alleging ineffective assistance of counsel due to a supposed failure to investigate bears the "burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon* v. *United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal citations and quotations omitted). Robertson's claim that his attorney failed to properly investigate is premised on the same representations as his arguments under pre-indictment delay and is equally meritless. Robertson fails to show that his attorney failed to conduct a thorough investigation in the first place and, even if he had made such a showing, he has not shown that the outcome would have been different. *See Kratz* v. *United States*, 79 F. App'x 932, 933–34 (7th Cir. 2003) (holding that because the defendant has offered nothing more than speculation as to what the investigation would have uncovered and how it would have been helpful to his defense, the defendant could not show that his attorney's failure to conduct an investigation was objectively unreasonable or that he was prejudiced).

### C. Restitution Amount

Robertson also claims that his attorney provided ineffective assistance of counsel by failing to challenge the amount of restitution imposed at sentencing. In support of his claim, Robertson alleges (1) that his counsel at the time of his original sentencing failed to attend a presentence interview and (2) that "many of the transactions were beyond the ten year statute of limitations." (Dkt. 1 at 15.)

First, Robertson's argument that his attorney was ineffective with regards to his handling of the restitution amount is not a cognizable claim for relief under 2255.

*Barnickel* v. *United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Washington* v. *Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) (holding same for § 2254 state post-conviction petition). Even if Robertson's claim were cognizable under § 2255, he fails to bear the heavy burden of establishing prejudice from his counsel's allegedly deficient performance, such as why counsel's presence would have affected his restitution amount, which the plea agreement identifies as the correct amount based on evidence provided in discovery before the interview took place. *See also United States* v. *Hodges*, 259 F.3d 655, 660 (7th Cir. 2001) (a presentence interview is not a critical stage in the proceedings where the presence of an attorney is required).

Robertson's claim is also without merit that he should not have to pay restitution for transactions that occurred before the ten-year statute of limitations began to run. Because a scheme is an element of the offense with which Robertson was charged, the court could require him to pay the full amount of losses to the victims of the scheme, even those losses that occurred outside the statute of limitations. *See United States* v. *Dickerson*, 370 F.3d 1330, 1342 (11th Cir. 2004) (holding that "where a defendant is convicted of a crime of which a scheme is an element," the court must order him to pay restitution to all the victims who suffered from the scheme, "even where such losses were caused by conduct outside of the statute of limitations"). Accordingly, Robertson cannot show that his attorney's representation was objectively unreasonable in failing to challenge the restitution amount at sentencing.

## II.     Actual Innocence

Finally, Robertson argues that he is actually innocent. In support of this claim, Robertson alleges (1) that his attorney coerced him to plead guilty and (2) that had his

9

attorney conducted a thorough investigation, he would have discovered evidence that would have exonerated Robertson. (Dkt. 1 at 13.) To establish actual innocence, a defendant must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citing *Schlup* v. *Delo*, 513 U.S. 298, 327–328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (quoting Friendly, "Is Innocence Irrelevant? Collateral Attack on Criminal Judgments," 38 U. CHI. L. REV. 142, 160 (1970)) (internal quotation marks omitted)). "'Actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623.

First, Robertson argues that he was induced to plead guilty by his defense attorney because his attorney told him that if he did not sign the plea agreement he and his wife risked serving more years in prison. A guilty plea is not invalid because it was motivated by a defendant's desire to accept the certainty or probability of a lesser penalty rather than the wider range of possibilities authorized by law for the crime charged. *Brady* v. *United States*, 397 U.S. 742, 751, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); *see also United States* v. *Hall*, 373 Fed. App'x 588, 591 (6th Cir. 2010); *Parker* v. *United States*, 433 F.2d 15, 17 (7th Cir. 1970). Moreover, defendant does not claim that anything in the plea colloquy was improper so as to raise a concern about the voluntariness of his plea, including his statement to the court that he was satisfied with his counsel's representation.

Second, Robertson contends that the plea agreement contains false statements that he only agreed to because his attorney failed to investigate. Robertson argues that had his attorney conducted a thorough investigation he would have discovered evidence that contradicted the statements in the plea agreement. As discussed in section I.B, *supra*, Robertson has not shown that his attorney failed to conduct a thorough investigation.

Moreover, Robertson has offered nothing more than speculation as to what the investigation would have uncovered and how newly uncovered evidence would have been helpful to the defense. Accordingly, his arguments here are duplicative and are thus unsuccessful for the reasons stated in section I.B.

Because Robertson unsuccessfully challenged the voluntariness of his plea agreement, the facts as stated in the plea agreement remain unaffected. Based on the facts which Roberston voluntarily admitted in the plea agreement, there is no basis to conclude that a reasonable juror would not have voted to convict. Accordingly, Robertson has not shown actual innocence.

## III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), Robertson may appeal from this final order denying relief under § 2255 only if this court issues a certificate of appealability. A certificate of appealability may issue if the applicant has made a substantial showing of denial of a constitutional right. *Id.* § 2253(c)(2). For the reasons stated above, the court finds that Robertson has not made a showing of a substantial constitutional question for appeal, as reasonable jurists would not find this court's ruling debatable. *See Lavin* v. *Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Thus, the court declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

For these reasons, defendant's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (dkt. 1) is denied.

Date: January 15, 2016